**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 98-30576
Summary Calendar

_____


RAY JETER,

                         Plaintiff - Appellant,

versus


MICHAEL L. PHILLIPS, Warden; SUSAN BARBO, RN;
MOORE, Captain; CONN, RN; COLEMAN, LPN; CARLO
WILLIAM, Lieutenant,

                         Defendants - Appellees.


_____

Appeal from the United States District Court
for the Western District of Louisiana
(98-CV-503)

_____

December 15, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Ray Jeter, Louisiana prisoner # 153917, appeals the dismissal

of his 42 U.S.C. § 1983 claims as frivolous pursuant to 28 U.S.C.

§ 1915(e).  He alleges that he received inadequate medical

treatment, that Barbo made a false report about him, that Williams

failed to list witnesses in a disciplinary report, that Moore

denied him the opportunity to call witnesses at a disciplinary

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

hearing and that he was denied medical treatment during the time he was in isolation/disciplinary detention as punishment for a disciplinary violation. We review the dismissal of claims as frivolous for abuse of discretion. *See Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994).

As to the allegations of inadequate medical treatment, the record demonstrates that the medical care Jeter received was not in violation of the Eighth Amendment. *See id.* (applying deliberate indifference standard to Eighth Amendment claim alleging inadequate medical care). That the care was unsuccessful or perhaps even negligent or that Jeter disagreed with his treatment is not cognizable under § 1983 as a matter of law. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991).

As to the other allegations, Jeter has not identified a liberty interest protected by the Due Process Clause. *See Sandin v. Conner,* 515 U.S. 472, 477-78, 115 S. Ct. 2293, 2297, 132 L. Ed. 2d 418, ___ (1995). The sanction of twenty days of isolation/disciplinary detention, which lies at the root of the remaining charges, does not reflect the type of atypical, significant deprivation in which a state might create a liberty interest. It reflects only a change in the condition of confinement. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997) (holding that thirty days of cell restriction fails to implicate due process concerns).

The district court did not abuse its discretion in dismissing

Jeter's claims as frivolous.  Therefore, we AFFIRM.  Jeter's motion for production of documents is DENIED.